**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOANNE KINNER,**

                           **Plaintiff,**

     vs.                                             1:08-CV-1240
                                                            (NAM/VEB)

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

                           **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

Erwin, McCane & Daly                              Thomas C. Erwin, Esq.
23 Elk Street
Albany, New York 12207
*Attorneys for Plaintiff*

Office of General Counsel                         Sheena V. Barr, Esq.
Social Security Administration                    Special Assistant U.S. Attorney
26 Federal Plaza - Room 3904
New York, New York 10278
*Attorney for Defendant*

**Norman A. Mordue, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

       Plaintiff Joanne Kinner previously moved for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 19. In a Memorandum-Decision and Order dated January 31, 2011, the Court granted plaintiff's motion and awarded attorneys' fees in the amount of $973.58. Dkt. No. 21. Because plaintiff executed an attorney fee contract assigning "any court awarded EAJA attorney fees and costs . . . to my attorney", Dkt. No. 19, the Court directed that the award be made payable to plaintiff's counsel and entered judgment accordingly. Dkt. No. 22. Presently before the Court is the Commissioner's motion pursuant to

Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the judgment in this case to reflect the Supreme Court's decision in *Astrue v. Ratliff*, -- U.S. - -, 130 S.Ct. 2521 (2010), which, the Commissioner asserts, requires that the award of attorneys' fees be made payable to plaintiff, not her attorney. Dkt. No. 23. Plaintiff opposes this motion. Dkt. No. 25.

## II.   DISCUSSION

Rule 59(e) permits district courts "to alter or amend judgment 'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (quoting *Collision v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir.1994)).

Citing *Ratliff*, the Commissioner asserts that the Court must alter its judgment in this case to reflect the Supreme Court's holding that an award of EAJA fees belongs to the plaintiff, not the plaintiff's attorney. Plaintiff argues that the Court properly directed that the award of attorneys' fees be made payable to her attorney because she entered a contract assigning her right to any EAJA fees she might recover to her attorney.

In *Ratliff*, the Supreme Court stated that:

> The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute "awards" the fees directly to the attorney. For the reasons we have explained, the statute's plain text does the opposite—it "awards" the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts.

*Ratliff*, 130 S.Ct. at 2526-27. Other courts in the Second Circuit have concluded that even if the plaintiff waived direct payment and assigned EAJA fees to the plaintiff's attorney, EAJA fees should be made payable to the plaintiff, not the attorney. *See e.g., Manning v. Astrue*, 5:09-CV-88, 2011 WL 6842617, at *2 (N.D.N.Y. Dec. 29, 2011) (directing that, in accordance with *Ratliff*,

2

the name on the check be plaintiff's even though the plaintiff waived "direct payment" and assigned EAJA fees to her attorney); *Wilson v. Astrue*, No. 09-CV-6488, 2011 WL 1549471, at *2 (W.D.N.Y. Apr. 21, 2011) (holding that the award should be made payable to the plaintiff). Accordingly, defendant's motion to alter the judgment in this case is granted.

### III.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that defendant's motion (Dkt. No. 23) to alter the judgment in this case is **granted**; and it is further

**ORDERED** that the judgment (Dkt. No. 22) be altered to state that the award of attorneys' fees in this case shall be made payable to plaintiff.

**IT IS SO ORDERED.**

Date:   September 17, 2012

_____
Honorable Norman A. Mordue
U.S. District Judge

3